UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT DINGELDAY,                                            DECISION
                                                              and
                              Plaintiff,                     ORDER
        v.
                                                         15-CV-916A(F)
VMI-EPE-HOLLAND B.V.,
VMI HOLLAND, B.V.,

                              Defendants.
_____

APPEARANCES:   CAMPBELL & ASSOCIATES
               Attorneys for Plaintiff
               R. COLIN CAMPBELL,
               ADAM S. HAINS, of Counsel
               8274 North Main Street
               Eden, New York 14057

               CREMER SPINA SHAUGHNESSY JANSEN & SIEGERT LLC
               Attorneys for Defendants
               JOSHUA D. YEAGER, of Counsel
               1 North Franklin, 10th Floor
               Chicago, Illinois 60606

In this products liability case, Plaintiff, by papers filed April 6, 2018 (Dkt. 23) moves, pursuant to Fed.R.Civ.P. 37 ("Rule 37") to compel Defendants' oral deposition under Fed.R.Civ.P. 30(b)(6) ("Rule 30(b)(6)") be conducted in Buffalo rather than Epe, Netherlands, where Defendant VMI-EPE-Holland B.V. ("VMI-EPE-Holland) is located. As an accommodation to Plaintiff, Defendants have proposed Amsterdam, Netherlands, approximately one hour from Epe, as the location for the deposition. Plaintiff's deposition notice was originally served pursuant to N.Y.C.P.L.R. 3107 in August 2015, designating Plaintiff's counsel's office in Eden, New York as the venue for Defendants' deposition prior to Defendants' removal to this court. Defendants' have designated

Edwin van der Veen ("van der Veen" or "Mr. van der Veen"), a senior manager at VMI-EPE- Holland's manufacturing facility in Epe.  According to counsel, discovery had proceeded amicably until Defendants' insistence that the deposition take place in the Netherlands, at Defendant place of business in Epe, Netherlands.  Defendants have cross-moved (Dkt. 24 at 1) for a protective order pursuant to Fed.R.Civ.P. 26(c) ("Rule 26(c)") contending that, consistent with the general rule and presumption, a defendant's Rule 30(b)(6) deposition should be conducted in the designated witness's place of business, in this case, Epe, Netherlands.  *See S.E.C. v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) ("rebuttable presumption that, absent special circumstances, the deposition of a defendant will be held where the defendant resides") (citing caselaw); *Bank of New York v. Meridien BIAO Bank of Tanzania, Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997) (citing caselaw).[1]  However, where "unusual circumstances exist which would justify defendant's inconvenience," *Federal Deposit Insurance Company v. LaAntillana, S.A.*, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 2990),  the location of an oral deposition is within the discretion of the court after considering factors of cost, convenience, and litigation efficiency.  *See Aly*, 320 F.R.D. at 118 (citing caselaw); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550-51 (S.D.N.Y. 1989) (citing caselaw). In this case, the court finds that the presumption favoring van der Veen's place of business as the location for his Rule 30(b)(6) deposition is not displaced and that all of the relevant factors for the exercise of the court's discretion to decide the location of the deposition favor Defendants.

---

[1]  Plaintiff's motion to compel pursuant to Rule 37 is misplaced; the proper procedure is that the issue be raised by a defendant's motion pursuant to Rule 26(c) for a protective order.  *See* Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (Thompson Reuters 2018) at 823 (witness may challenge location of properly noticed deposition by motion for a protective order) (citing cases).

Where, as here, a defendant's presence in the forum is not voluntary and plaintiff had a choice of forum, *i.e.*, the Netherlands, as Plaintiff acknowledged at oral argument, the presumption remains intact. *Mill-Run Tours, Inc.* 124 F.R.D. at 550 (presumption falls away where plaintiff had no practical choice as to the selected forum and where no other forum would have been convenient for all parties); *LaAnttillana, S.A.*, 1990 WL 155727, at *2 (presumption that deposition should take place at defendants' principal place of business in Argentina not rebutted where plaintiff had "pragmatic" choice of forum, *i.e.*, New York or Argentina). Although based on the alleged defective machine which caused Plaintiff's serious injuries being sold for use in this area establishing, as the court has found, long-arm jurisdiction over Defendants in New York, *Dingelday v. VMI-EPE-Holland B.V.*, 2016 WL 6273235 (W.D.N.Y. Sept. 28, 2016), *report and recommendation adopted*, 2016 WL 6248680 (W.D.N.Y. Oct. 26, 2016), such basis for long-arm jurisdiction does not, contrary to Plaintiff's assertion, Plaintiff's Reply Memorandum, Dkt. 26, at 2, overcome the presumption as necessary to establish a defendant should be deposed in the forum's jurisdiction. *See Gulf Union Ins. Co. of Saudi Arabia v. M/V LACERTA*, 1992 WL 51532, at *5 (S.D.N.Y. Mar. 1992) (citing *LaAnttillana S.A.*, 1990 WL 155727, at **1-2 (use of a New York bank account by defendants does not displace presumption)). Thus, no special or unusual circumstances are presented in this case warranting that the presumption be displaced and the presumption that Defendants should be deposed in the Netherlands in accordance with the general rule remains applicable. *Aly*, 320 F.R.D. at 118 (where court finds presumption displaced by plaintiff's lack of practical choice as to a safe forum court will exercise discretion based on cost, convenience and litigation efficiency);

*Mill-Run Tours, Inc.*, 124 F.R.D. at 550 (court determines initially whether plaintiff's lack of practical choice as to forum displaces presumption prior to exercise of court's discretion).  Moreover, even assuming the presumption should be suspended here, the factors of relative costs, convenience of counsel and witnesses, and efficient adjudication favor Defendants.

As to costs, while it is, of course, true that Defendant VMI-EPE-Holland, a large manufacturing company serving an international market, possesses greater financial resources than Plaintiff, yet here, because under Plaintiff's contingency fee retainer agreement with his counsel the Plaintiff is not required to pay directly for such expenses and such expenses would be paid from any award if the action were eventually successful, as Plaintiff's counsel acknowledged at oral argument, if Plaintiff's counsel were required in accordance with the general rule to conduct Defendants' Rule 30(b)(6) deposition in the Netherlands, Plaintiff will not incur any substantial out-of-pocket expense in connection with the deposition at this time.  Thus, the question as to which party is better able to bear the expense of Defendant's deposition does not favor Plaintiff.

As regards to the factor of convenience, although Plaintiff's counsel is a member of a small law firm making it more difficult to take a deposition abroad, *Mill-Run Tours, Inc.,* 124 F.R.D. at 550, on the other hand, van der Veen is, as represented by Defendants' counsel at oral argument, a senior manager of VMI-EPE-Holland, supporting that his absence from his senior managerial responsibilities to Defendant in Epe for probably at least three days or more for his deposition in New York is likely to create greater inconvenience, if not serious disruption, to VMI-EPE-Holland's operations

than would such an absence cause to Plaintiff's counsel's practice here which representations Plaintiff does not dispute. Plaintiff's attorney also agreed that, unlike with some claims, Plaintiff's presence at the deposition would not be required to assist counsel. Nor does Plaintiff contend Plaintiff's counsel will need immediate access to Plaintiff's expert for assistance in order to effectively depose Mr. van der Veen. Moreover, such a potential interruption of Plaintiff's counsel's practice to conduct VMI-EPE-Holland's deposition must surely must have been anticipated by Plaintiff's counsel in deciding to accept Plaintiff's case and in noticing Defendants' deposition.

Finally, as to the litigation efficiency factor, the parties indicated at oral argument that discovery, including limited document production, which is nearly complete, has been amicable therefore making it unlikely there will be a need for resort to the court for assistance during van der Veen's deposition in the Netherlands which could create complications based on the five or six hour time difference between this district and the Netherlands. *See LaAntillana, S.A.*, 1990 WL 155727, at *3 (where parties have conducted discovery with "no unusual degree of acrimony" making need for judicial intervention less likely judicial efficiency factor weighs in defendant's favor). In addition, while the technical records involving the subject machine, which have been produced, are, according to counsel, limited, should the need for additional information not already in Plaintiff's possession arise during the deposition, such information would be made more readily available to facilitate the timely completion of the deposition if it were conducted in the Netherlands as Defendants urge. *See Zurich Ins. Corp. v. Essex Crane Rental Corp.*, 1991 WL 12133, at *3 (S.D.N.Y. Jan. 29, 1991) (likelihood of need to access records at defendant's offices relevant to litigation efficiency factor). The

5

court therefore finds, even if the presumption were set aside in this case, the considerations of cost, convenience and litigation efficiency do not favor Plaintiff.

Finally, although Defendants proposed taking van der Veen's deposition by video conference, pursuant to Fed.R.Civ.P. 30(b)(4), Defendants' Memorandum, Dkt. 24 at 5, Plaintiff did not respond to Defendants' proposal, *see* Plaintiff's Reply, Dkt. 26 (*passim*), and when the court inquired at oral argument why this alternative could not resolve the issue raised by Plaintiff's motion and Defendants' cross-motion, Plaintiff's counsel explained that Plaintiff's lead attorney, Mr. Campbell, who would conduct the deposition, preferred a face-to-face, non-electronic, deposition to better assess potential witness credibility issues. However, such objection to video-conferencing the deposition of a witness located abroad has been rejected by courts. *See, e.g., Aly*, 320 F.R.D. at 119 (noting advantages of video-conference depositions to avoid significant issues of inconvenience, undue costs, and serious logistical issues including the ability of a jury to evaluate, if necessary, credibility of a witness) (citing caselaw). Plaintiff does not dispute that such video-conferencing capability is available in the Netherlands. Thus, if Plaintiff's counsel insists on conducting Mr. van der Veen's deposition in person, counsel will have to travel to the Netherlands to do so. Accordingly, the court finds Defendants have demonstrated good cause that VMI-EPE-Holland's Rule 30(b)(6) deposition should be conducted by Plaintiff in the Netherlands in accordance with the general rule and that Defendants' cross-motion for a protective order should be granted.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to compel Defendants' Rule 30(b)(6) deposition be conducted in this district (Dkt. 23) is DENIED; Defendants' cross-motion for a protective order to conduct such deposition in the Netherlands (Dkt. 24) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 8th, 2018
       Buffalo, New York